FILED

DEC 19 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ np ___ DEPUTY

1
2
3
4
5

6                    UNITED STATES DISTRICT COURT

7                   SOUTHERN DISTRICT OF CALIFORNIA

8                      September 2013 Grand Jury

9   UNITED STATES OF AMERICA,          Case No. **14 CR 3662 AJB**

10                  Plaintiff,          I N D I C T M E N T

11        v.                            Title 18, U.S.C., Sec. 371 -
                                        Conspiracy; Title 16, U.S.C.,
12   KAVEN COMPANY, INC. (1),           Secs. 3372(a)(2)(A) and
     KAM WING CHAN (2),                 3373(d)(1)(A) - Unlawful
13        aka "Kevin Chan",             Importation of Wildlife;
                                        Title 18, U.S.C., Sec. 545 -
14                  Defendants.         Smuggling; Title 18, U.S.C.,
                                        Sec. 545 - Importation Contrary
15                                      to Law; Title 16, U.S.C.,
                                        Secs. 3372(a)(2)(A) and
16                                      3373(d)(1)(B) - Unlawful
                                        Trafficking in Wildlife;
17                                      Title 18, U.S.C., Sec. 2 -
                                        Aiding and Abetting; Title 18,
18                                      U.S.C., Sec. 981(a)(1)(C),
                                        Title 28, U.S.C., Sec. 2461,
19                                      and Title 16, U.S.C.,
                                        Sec 3374(a)(1) - Criminal
20                                      Forfeiture
21

22       The grand jury charges, at all times relevant:

23                      INTRODUCTORY ALLEGATION

24       1.  Defendant KAVEN COMPANY, INC., ("KAVEN"), was a California

25   corporation located in San Francisco, California.  Although primarily

26   an importer of furniture from Asia, KAVEN also purchased seafood in

27
28

MKP:nlv:San Diego
12/19/14

1 | Mexico, imported it into the United States, and then exported it to
2 | Asia.

3 |     2. At all times relevant herein, defendant KAM WING CHAN,
4 | aka "Kevin Chan", ("CHAN"), was the owner of KAVEN. CHAN was
5 | responsible for the purchase and sale of the seafood for KAVEN, as
6 | well as its importation and exportation.

7 |     3. On or about May 3, 2011, KAVEN made its initial application
8 | for an import/export permit from the U.S. Fish and Wildlife Service
9 | ("FWS"). The application identified "Kevin Chan" as the president of
10 | KAVEN, and sought authorization to import and export seafood. This
11 | permit was issued by FWS on May 3, 2011, and was renewed annually
12 | thereafter by KAVEN. Such permits are required for the importation
13 | and exportation of fish and wildlife. Federal law further requires
14 | that a declaration form be presented to FWS with each import and
15 | export.

16 |     4. *Totoaba macdonaldi,* also known as *Cynoscion macdonaldi*, is
17 | the largest species within the *scaienidae* family of fish. It can
18 | grow to more than 6-1/2 feet in length, weigh up to 220 pounds, and
19 | can live up to 30 years. These fish are found only in the Gulf of
20 | California, the narrow inlet between Baja California and the Mexico's
21 | mainland (also called the Sea of Cortez). The fish can be identified
22 | by its dusky silver color, elongated body, sharp snout, projecting
23 | lower jaw, and a slightly convex tail.

24 |     5. The swim bladders of the *Totoaba macdonaldi* are highly
25 | prized by Asians for use in soups. A single *Totoaba macdonaldi* swim
26 | bladder can sell for $1,500-$4,000 in Mexico and up to ten times that
27 | amount in Asia.

28 |

6. *Totoaba macdonaldi* was included in the most protected list (Appendix 1) of species covered by the Convention on International Trade in Endangered Species ("CITES") in 1976, and was listed as endangered under the U.S. Endangered Species Act in 1979.   Both Mexico and the United States are signatories to CITES.   It is a violation of law in both countries to trade in Totoaba or any part of a Totoaba. Federal regulations require that any specimen listed on an Appendix to CITES be accompanied by a CITES certificate of the country of origin. A declaration must be filed with the FWS upon importation of any species listed as endangered under the Endangered Species Act.   16 U.S.C. § 1538(e); 50 C.F.R. § 14.61.

7. Black abalone (*Haliotis cracherodii*) and white abalone (*Haliotis sorenseni*) are also species listed as endangered pursuant to the Endangered Species Act.   Black abalone was listed as endangered on January 14, 2009, and white abalone was listed as endangered on May 29, 2001.

8. Mexican fisheries law (the General Law on Sustainable Fishing and Aquaculture) requires that the lawful origin of fisheries products be demonstrated by means of an arrival, harvest, production, or collection notice, an import permit, or a fisheries waybill (for transport).   The failure to demonstrate such lawful origin is a violation of law.   It is a further violation of the Mexican fisheries law to harvest, possess, transport, or sell a species out of season, or of less than the minimum established size and weight, or to harvest a species in excess of permit limits or without a proper license or permit.   The Mexican fisheries law also requires that invoices used to market fisheries products bear the tax identification number or permit number of the seller.

1        9.    The   regulations   implementing   the   Mexican   fisheries   law
2   require  that  the  original  invoice  for  the  sale  of  fishery  products
3   must  bear  the  arrival,  harvest,  production,  or  collection  notice
4   number  (sometimes  referred  to  as  an  "aviso  de  arribo")  from  which  it
5   is  derived.    Any  subsequent  invoice  must  bear  a  reference  to  the
6   invoice  from  which  is  derived,  so  that  all  fisheries  products  sold  in
7   Mexico  can  be  traced  to  their  lawful  origins.    The  regulations  also
8   state  that  banned  species  may  not  be  fished,  except  for  scientific
9   purposes  under  permit.

10                              **Count 1**

11                   **Conspiracy – 18 U.S.C. § 371**

12        10.    Paragraphs  1  through  9  of  the  Introductory  Allegations  are
13   incorporated  herein  as  if  set  forth  in  full.

14        11.    Between  on  or  about  September  1,  2009,  and  continuing  up  to
15   and  including  on  or  about  May  30,  2013,  within  the  Southern  District
16   of  California  and  elsewhere,  defendants  KAVEN  COMPANY,  INC.,
17   ("KAVEN"),  and  KAM  WING  CHAN,  aka  "Kevin  Chan",  ("CHAN"),  did
18   knowingly  and  willfully  conspire  with  each  other  and  with  others  in
19   Mexico  and  China  to  commit  offenses  against  the  laws  of  the  United
20   States,  to  wit:

21            a.    to  knowingly  and  willfully  smuggle  and  clandestinely
22   introduce  merchandise  into  the  United  States  which  should  have  been
23   invoiced,  in  violation  of  Title  18,  United  States  Code,  Section  545;

24            b.    to  knowingly  import  merchandise  contrary  to  law,  in
25   violation  of  Title  18,  United  States  Code,  Section  545;

26            c.    to  knowingly  export  merchandise  contrary  to  law,  in
27   violation  of  Title  18,  United  States  Code,  Section  554;

28

                                    4

1    d.   to knowingly import, export, sell, transport, or
2  purchase in interstate or foreign commerce any fish or wildlife which
3  has been taken, possessed, transported, or sold in violation of any
4  foreign law, in violation of Title 16, United States Code,
5  Section 3372(a)(2)(A);

6    e.   to knowingly engage in conduct that involves the sale
7  or purchase of fish or wildlife with a market value in excess of
8  $350, knowing that the fish or wildlife were taken, possessed,
9  transported, or sold in violation of, or in a manner unlawful under
10 any underlying law, treaty or regulation, in violation of Title 16,
11 United States Code, Section 3373(d)(1)(B); and

12   f.   to knowingly import an endangered species into the
13 United States, in violation of Title 16, United States Code,
14 Sections 1538(a)(1)(A) and 1540(b)(1).

15   12.  It was a method and means of the conspiracy that CHAN, on
16 behalf of KAVEN, traveled to Mexico and purchased approximately
17 $2 million of seafood, including abalone, sea cucumber, and *Totoaba*
18 *macdonaldi*.

19   13.  It was a further method and means of the conspiracy that
20 CHAN, on behalf of KAVEN, arranged to have the seafood he purchased
21 in Mexico imported into the United States, and then exported to
22 Hong Kong, primarily to companies operated by his sister, and
23 received over $3.2 million in return.

24                         **Overt Acts**

25   14.  In furtherance of the conspiracy, the following overt acts
26 were committed within the Southern District of California and
27 elsewhere:

28

5

a.    on  or  about  September  9,  2010,  in  San  Francisco,
California, KAVEN and CHAN illegally exported approximately 312 kg of
sea cucumber to Hong Kong;

b.    on  or  about  September  14,  2010,  in  Los  Angeles,
California, KAVEN and CHAN illegally exported approximately 280 kg of
sea cucumber to Hong Kong;

c.    On  or  about  October  12,  2010,  in  San  Francisco,
California, KAVEN and CHAN illegally exported approximately 382 kg of
sea cucumber to Hong Kong;

d.    on  or  about  December  8,  2010,  in  San  Francisco,
California, KAVEN and CHAN illegally exported approximately 175 kg of
sea cucumber to Hong Kong;

e.    on  or  about  December  31,  2010,  in  San  Francisco,
California, KAVEN and CHAN illegally exported approximately 308 kg of
sea cucumber to Hong Kong;

f.    on  or  about  January  16,  2011,  in  San  Francisco,
California, KAVEN and CHAN illegally exported approximately 252 kg of
sea cucumber to Hong Kong;

g.    on or about March 23, 2012, in San Diego, California,
KAVEN  and  CHAN  illegally  imported  approximately  9,075  kg  of
sea cucumber from Mexico;

h.    on or about October 9, 2012, in San Diego, California,
KAVEN and CHAN illegally imported approximately 37 lbs of abalone
from Mexico;

i.    on  or  about  January  15,  2013,  in  San  Diego,
California, KAVEN and CHAN illegally imported approximately 460 kg of
abalone from Mexico; and

6

1    j.   on   or   about   February   26,   2013,   in   San   Diego,
2  California, KAVEN and CHAN illegally imported approximately 58 swim
3  bladders of the *Totoaba macdonaldi* from Mexico;
4  All in violation of Title 18, United States Code, Section 371.

5                                **Count 2**

6                    **Unlawful Importation of Wildlife –**
7           **16 U.S.C. §§ 3373(a)(2)(A) and 3373(d)(1)(A)**

8    15.   Paragraphs 1 through 9 of the Introductory Allegations are
9  incorporated herein as if set forth in full herein.

10    16.   On or about March 23, 2012, within the Southern District of
11  California, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM WING
12  CHAN, aka "Kevin Chan", ("CHAN"), did knowingly import wildlife, that
13  is, 9,075 kg of frozen sea cucumber that had been taken, possessed,
14  transported, or sold in violation of Mexican law, knowing that such
15  wildlife had been taken, possessed, transported, or sold in violation
16  of Mexican law; in violation of Title 16, United States Code,
17  Sections 3372(a)(2)(A) and 3373(d)(1)(A); and Title 18, United States
18  Code, Section 2.

19                                **Count 3**

20                    **Smuggling – 18 U.S.C. § 545**

21    17.   Paragraphs 1 through 9 of the Introductory Allegations are
22  incorporated herein as if set forth in full herein.

23    18.   On or about October 9, 2012, within the Southern District
24  of California, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM
25  WING CHAN, aka "Kevin Chan", ("CHAN"), did knowingly and willfully,
26  with the intent to defraud the United States, smuggle and
27  clandestinely introduce merchandise which should have been invoiced,
28  that is, approximately 37 lbs of dried abalone, including *Haliotis*

1 | *sorenseni* and *Haliotis Cracherodii,* in violation of Title 18, United
2 | States Code, Section 545.

### Count 4

#### Unlawful Importation of Wildlife –
#### 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)

19.   Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

20.   On or about October 9, 2012, within the Southern District of California, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM WING CHAN, aka "Kevin Chan", ("CHAN"), did knowingly import fish or wildlife, that is, approximately 37 lbs of dried abalone, including *Haliotis sorenseni* and *Haliotis Cracherodii,* which were possessed, transported, and sold in violation of foreign law, that is, the laws of Mexico requiring abalone to be transported with an invoice; in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A); and Title 18, United States Code, Section 2.

### Count 5

#### Unlawful Importation of Wildlife –
#### 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)

21.   Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

22.   On or about January 15, 2013, within the Southern District of California, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM WING CHAN, aka "Kevin Chan", ("CHAN"), did knowingly import wildlife, that is, 460 kg of frozen abalone that had been taken, possessed, transported, or sold in violation of Mexican law, knowing that such wildlife had been taken, possessed, transported, or sold in violation

1  of Mexican law; in violation of Title 16, United States Code,
2  Sections 3372(a)(2)(A) and 3373(d)(1)(A); and Title 18, United States
3  Code, Section 2.

4  ## Count 6

5  ### Importation Contrary to Law – 18 U.S.C. § 545

6      23.  Paragraphs 1 through 9 of the Introductory Allegations are
7  incorporated herein as if set forth in full herein.

8      24.  On or about February 26, 2013, within the Southern District
9  of California, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM
10  WING CHAN, aka "Kevin Chan", ("CHAN"), did knowingly import
11  merchandise into the United States, that is, approximately 58 swim
12  bladders of the *Totaoaba macdonaldi*, contrary to law, in that:

13      a.  the bladders were not presented for inspection, in
14  violation of U.S. Customs law, Title 19, United States Code,
15  Sections 1433(b)(2)(B) and 1436(c);

16      b.  the bladders were not accompanied by a certificate of
17  origin issued by the government of Mexico under CITES, as required
18  under the Endangered Species Act, Title 16, United States Code,
19  Sections 1538(c) and 1540(b)(1); and

20      c.  in the exercise of due care, defendants should have
21  known that the imported bladders were taken contrary to foreign law,
22  that is the laws of Mexico prohibiting the taking of
23  *Totoaba macdonaldi*, in violation of the Lacey Act, Title 16,
24  United States Code, Sections 3372(a)(2)(A) and 3373(d)(2).
25  All in violation of Title 18, United States Code, Section 545.
26  //
27  //
28  //

1

2

3

### Count 7

### Unlawful Importation of Wildlife –
### 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)

4   25.  Paragraphs 1 through 9 of the Introductory Allegations are
5 incorporated herein as if set forth in full herein.

6   26.  On or about February 26, 2013, within the Southern District
7 of California, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM
8 WING CHAN, aka "Kevin Chan", ("CHAN"), did knowingly import wildlife,
9 that is, approximately 58 swim bladders of the *Totoaba macdonaldi,*
10 which had been taken, possessed, transported, and sold contrary to
11 the laws of Mexico, knowing that such wildlife had been taken,
12 possessed, transported, and sold contrary to the laws of Mexico; in
13 violation of Title 16, United States Code, Sections 3372(a)(2)(A)
14 and 3373(d)(1)(A), and Title 18, United States Code, Section 2.

15

### Count 8

16

17

### Unlawful Trafficking in Wildlife -
### 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B)

18   27.  Paragraphs 1 through 9 of the Introductory Allegations are
19 incorporated herein as if set forth in full herein.

20   28.  On or about February 26, 2013, within the Southern District
21 of California, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM
22 WING CHAN, aka "Kevin Chan", ("CHAN"), did knowingly engage in
23 conduct that involved the sale of, purchase of, and intended sale and
24 purchase of wildlife with a market value over $350 which had been
25 taken, possessed, transported, and sold in violation of Mexican law,
26 that is, approximately 58 swim bladders of the *Totoaba macdonaldi,*
27 knowing that such wildlife had been taken, possessed, transported, or
28 sold in violation of Mexican law; in violation of Title 16, United

1 | States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B), and Title 18,
2 | United States Code, Section 2.

3 | ## FORFEITURE ALLEGATION

4 |    29. Upon conviction for the offense charged in Count 1 of this
5 | Indictment, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM WING
6 | CHAN, aka "Kevin Chan", ("CHAN"), shall forfeit to the United States
7 | all property, real or personal, which constitutes or is derived from
8 | proceeds traceable to such violation, including but not limited to
9 | $256,350 in U.S. currency, in violation of Title 18, United States
10 | Code, Section 981(a)(1)(C), and Title 28, United States Code,
11 | Section 2461.

12 |    30. If any of the above-described forfeitable property, as a
13 | result of any act or omission of defendants KAVEN and CHAN:

14 |      a. cannot be located upon the exercise of due diligence;

15 |      b. has been transferred or sold to, or deposited with, a
16 | third person;

17 |      c. has been placed beyond the jurisdiction of the Court;

18 |      d. has been substantially diminished in value; or

19 |      e. has been commingled with other property which cannot
20 | be subdivided without difficulty;

21 | it is the intent of the United States, pursuant to Title 21,
22 | United States Code, Section 853(p), as incorporated by Title 18,
23 | United States Code, Section 982(b), to seek forfeiture of any other
24 | property of defendants up to the value of the forfeitable property
25 | alleged above as being subject to forfeiture.

26 | All pursuant to Title 18, United States Code, Sections 982(a)(2)(A)
27 | and (b).

28 |

1   30. Upon conviction for the offenses charged in Counts 3 and 4

2 of this Indictment, defendants KAVEN and CHAN shall forfeit to the

3 United States approximately 37 lbs of dried abalone, pursuant to

4 Title 16, United States Code, Section 3374(a)(1).

5   31. Upon conviction for the offenses charged in Counts 5

6 through 8 of this Indictment, defendants KAVEN and CHAN shall forfeit

7 to the United States approximately 58 swim bladders of the

8 *Totoaba macdonaldi*, pursuant to Title 16, United States Code,

9 Section 3374(a)(1).

10 All pursuant to Title 18, United States Code, Section 981(a)(1)(C),

11 Title 28, United States Code, Section 2461, and Title 16, United

12 States Code, Section 3374.

13   Dated: December 19, 2014.

14               A TRUE BILL:

15

16                    Foreperson

17 LAURA E. DUFFY

18 United States Attorney

19 By:

20   MELANIE K. PIERSON
    Assistant U.S. Attorney

21

22

23

24

25

26

27

28