FILED
2015 APR 24 PM 2:52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY acc DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

September 2013 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAVEN COMPANY, INC. (1),<br>KAM WING CHAN (2),<br>　aka "Kevin Chan",<br><br>　　　　　Defendants. | Case No. 14CR3662-AJB<br><br>I N D I C T M E N T<br>(Superseding)<br><br>Title 18, U.S.C., Sec. 371 - Conspiracy; Title 16, U.S.C., Secs. 3372(a)(2)(A) and 3373(d)(1)(A) - Unlawful Importation of Wildlife; Title 18, U.S.C., Sec. 545 - Smuggling/Importation Contrary to Law; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Sec. 981(a)(1)(C), Title 28, U.S.C., Sec. 2461, and Title 16, U.S.C., Sec 3374(a)(1) - Criminal Forfeiture |

The grand jury charges, at all times relevant:

**INTRODUCTORY ALLEGATION**

1. Defendant KAVEN COMPANY, INC., ("KAVEN"), was a California corporation located in San Francisco, California. Although primarily an importer of furniture from Asia, KAVEN also purchased seafood in Mexico, imported it into the United States, and then exported it to Asia.

MKP:nlv(1):San Diego
4/24/15

2. Defendant KAM WING CHAN, aka "Kevin Chan", ("CHAN"), was the owner of KAVEN. CHAN was responsible for the purchase and sale of the seafood for KAVEN, as well as its importation and exportation.

3. On or about May 3, 2011, KAVEN made its initial application for an import/export permit from the U.S. Fish and Wildlife Service ("FWS"). The application identified "Kevin Chan" as the president of KAVEN, and sought authorization to import and export seafood. This permit was issued by FWS on May 3, 2011, and was renewed annually thereafter by KAVEN. Such permits are required for the importation and exportation of fish and wildlife. Federal law further requires that a declaration form be presented to FWS with each import and export.

4. *Totoaba macdonaldi,* also known as *Cynoscion macdonaldi*, is the largest species within the *scaienidae* family of fish. It can grow to more than 6-1/2 feet in length, weigh up to 220 pounds, and can live up to 30 years. These fish are found only in the Gulf of California, the narrow inlet between Baja California and the Mexico's mainland (also called the Sea of Cortez). The fish can be identified by its dusky silver color, elongated body, sharp snout, projecting lower jaw, and a slightly convex tail.

5. The swim bladders of the *Totoaba macdonaldi* are highly prized in Asia for use in soups. A single *Totoaba macdonaldi* swim bladder can sell for $1,500-$4,000 in Mexico and up to ten times that amount in Asia.

6. *Totoaba macdonaldi* was included in the most protected list (Appendix 1) of species covered by the Convention on International Trade in Endangered Species ("CITES") in 1976, and was listed as endangered under the U.S. Endangered Species Act in 1979. Both

Mexico and the United States are signatories to CITES. It is a violation of law in both countries to trade in Totoaba or any part of a Totoaba. Federal regulations require that any specimen listed on an Appendix to CITES be accompanied by a CITES certificate of the country of origin. A declaration must be filed with the FWS upon importation of any species listed as endangered under the Endangered Species Act. 16 U.S.C. § 1538(e); 50 C.F.R. § 14.61.

7. Black abalone (*Haliotis cracherodii*) and white abalone (*Haliotis sorenseni*) are also species listed as endangered pursuant to the Endangered Species Act. Black abalone was listed as endangered on January 14, 2009, and white abalone was listed as endangered on May 29, 2001.

8. The General Law on Sustainable Fishing and Aquaculture ("the General Law") establishes the regulatory scheme for fishing within the jurisdiction of Mexico. Pursuant to Articles 40 and 41 of the General Law, a license and/or a permit is required for commercial fishing in Mexico. Article 75 of the General Law requires that the lawful origin of fisheries products be demonstrated by means of an arrival, harvest, production, or collection notice or an import permit and requires that all fiscal vouchers issued for the marketing of fisheries products include the pertinent permit or license number. Article 76 of the General Law further requires a fisheries waybill for the transportation of fisheries products. Pursuant to Article 132 of the General Law, it is a violation of law to fail to demonstrate the lawful origin of fisheries products. It is a further violation of Article 132 of the General Law to harvest, possess, transport, or sell a species out of season, or of less than the

minimum established size and weight, or to harvest a species in excess of permit limits or without a proper license or permit.

9. The General Law is implemented in Mexico through the Regulations of the Fisheries Law ("the Regulations"). Article 10 of the Regulations requires that the legal origin of fisheries products be certified by the notice of arrival, harvest, production or collection. Article 13 of the Regulations provides that the original sales invoice for fisheries products must bear the number associated with the notice of arrival, harvest, production or collection, as well as a description of the product, and all subsequent invoices must bear the number of the invoice from which it derived, so that all fisheries products sold in Mexico can be traced to their lawful origins. Article 25 of the Regulations states that banned species may not be fished, except for scientific purposes under permit. The fishing season for Totoaba has been closed indefinitely since August 2, 1975, and remains closed today.

## Count 1

## Conspiracy - 18 U.S.C. § 371

10. Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full.

11. Between on or about September 1, 2009, and continuing up to and including on or about May 30, 2013, within the Southern District of California and elsewhere, defendants KAVEN COMPANY, INC., and KAM WING CHAN, aka "Kevin Chan" did knowingly and willfully conspire with each other and with others in Mexico and China to commit offenses against the laws of the United States, to wit:

1      a.    to knowingly and willfully smuggle and clandestinely
introduce merchandise into the United States which should have been
invoiced, in violation of Title 18, United States Code, Section 545;

       b.    to knowingly import merchandise contrary to law, in
violation of Title 18, United States Code, Section 545;

       c.    to knowingly export merchandise contrary to law, in
violation of Title 18, United States Code, Section 554;

       d.    to knowingly import, export, sell, transport, or
purchase in interstate or foreign commerce any fish or wildlife,
knowing such fish or wildlife has been taken, possessed, transported,
or sold in violation of any foreign law or regulation, in violation
of Title 16, United States Code, Section 3372(a)(2)(A); and

       e.    to knowingly import an endangered species into the
United States without authorization, in violation of Title 16, United
States Code, Sections 1538(a)(1)(A) and 1540(b)(1).

       12.   It was a method and means of the conspiracy that CHAN, on
behalf of KAVEN, traveled to Mexico and purchased approximately
$2 million of seafood, including abalone, sea cucumber, and *Totoaba
macdonaldi*.

       13.   It was a further method and means of the conspiracy that
CHAN, on behalf of KAVEN, arranged to have the seafood he purchased
in Mexico imported into the United States, and then unlawfully
exported to Hong Kong, primarily to companies operated by his sister,
and received over $3.2 million in return.

//
//
//
//

5

## Overt Acts

14. In furtherance of the conspiracy, the following overt acts were committed within the Southern District of California and elsewhere:

   a. on or about September 9, 2010, in San Francisco, California, KAVEN and CHAN illegally exported approximately 312 kg of sea cucumber to Hong Kong;

   b. on or about September 14, 2010, in Los Angeles, California, KAVEN and CHAN illegally exported approximately 280 kg of sea cucumber to Hong Kong;

   c. on or about October 12, 2010, in San Francisco, California, KAVEN and CHAN illegally exported approximately 382 kg of sea cucumber to Hong Kong;

   d. on or about December 8, 2010, in San Francisco, California, KAVEN and CHAN illegally exported approximately 175 kg of sea cucumber to Hong Kong;

   e. on or about December 31, 2010, in San Francisco, California, KAVEN and CHAN illegally exported approximately 308 kg of sea cucumber to Hong Kong;

   f. on or about January 16, 2011, in San Francisco, California, KAVEN and CHAN illegally exported approximately 252 kg of sea cucumber to Hong Kong;

   g. on or about March 23, 2012, in San Diego, California, KAVEN and CHAN illegally imported approximately 9,075 kg of sea cucumber from Mexico;

   h. on or about October 9, 2012, in San Diego, California, KAVEN and CHAN illegally imported approximately 37 lbs of abalone from Mexico;

i. on or about January 15, 2013, in San Diego, California, KAVEN and CHAN illegally imported approximately 460 kg of abalone from Mexico; and

j. on or about February 26, 2012, in San Diego, California, KAVEN and CHAN illegally imported approximately 58 swim bladders of the *Totoaba macdonaldi* from Mexico.

All in violation of Title 18, United States Code, Section 371.

## Count 2

### Unlawful Importation of Wildlife – 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)

15. Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

16. On or about March 23, 2012, within the Southern District of California, defendants KAVEN COMPANY, INC. and KAM WING CHAN, aka "Kevin Chan" did knowingly import in interstate and foreign commerce fish and wildlife, that is, 9,075 kg of frozen sea cucumber that had been taken, possessed, transported, and sold in violation of Mexican laws and regulations, knowing that such fish and wildlife had been taken, possessed, transported, and sold in violation of Mexican laws and regulations.

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A); and Title 18, United States Code, Section 2.

## Count 3

### Smuggling – 18 U.S.C. § 545

17. Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

18. On or about October 9, 2012, within the Southern District of California, defendants KAVEN COMPANY, INC. and KAM WING CHAN, aka "Kevin Chan" did knowingly and willfully, with the intent to defraud the United States, smuggle and clandestinely introduce into the United States merchandise which should have been invoiced, that is, approximately 37 lbs of dried abalone, including *Haliotis sorenseni* and *Haliotis Cracherodii*.

All in violation of Title 18, United States Code, Sections 545 and 2.

## Count 4

**Unlawful Importation of Wildlife –
16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)**

19. Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

20. On or about October 9, 2012, within the Southern District of California, defendants KAVEN COMPANY, INC. and KAM WING CHAN, aka "Kevin Chan" did knowingly import in interstate and foreign commerce fish and wildlife, that is, approximately 37 lbs of dried abalone, including *Haliotis sorenseni* and *Haliotis Cracherodii*, that had been possessed, transported, and sold in violation of Mexican laws and regulations, knowing that such fish and wildlife had been possessed, transported, and sold in violation of Mexican laws and regulations.

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A); and Title 18, United States Code, Section 2.

//
//

## Count 5

**Unlawful Importation of Wildlife –
16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)**

21. Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

22. On or about January 15, 2013, within the Southern District of California, defendants KAVEN COMPANY, INC. and KAM WING CHAN, aka "Kevin Chan" did knowingly import in interstate and foreign commerce fish and wildlife, that is, 460 kg of frozen abalone that had been taken, possessed, transported, and sold in violation of Mexican laws and regulations, knowing that such fish and wildlife had been taken, possessed, transported, and sold in violation of Mexican laws and regulations.

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A); and Title 18, United States Code, Section 2.

## Count 6

**Importation Contrary to Law – 18 U.S.C. § 545**

23. Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

24. On or about February 26, 2013, within the Southern District of California, defendants KAVEN COMPANY, INC. and KAM WING CHAN, aka "Kevin Chan" did knowingly import merchandise into the United States, that is, approximately 58 swim bladders of the *Totaoaba macdonaldi*, contrary to law, in that:

a. the bladders were not presented for inspection, in violation of U.S. Customs law, Title 19, United States Code, Sections 1433(b)(2)(B) and 1436(c);

    b. the bladders were not accompanied by a certificate of origin issued by the government of Mexico under CITES, as required under the Endangered Species Act, Title 16, United States Code, Sections 1538(c) and 1540(b)(1); and

    c. in the exercise of due care, defendants should have known that the imported bladders were taken contrary to foreign law, that is the laws and regulations of Mexico prohibiting the fishing of *Totoaba macdonaldi*, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2).

All in violation of Title 18, United States Code, Sections 545 and 2.

### Count 7

**Unlawful Importation of Wildlife –
16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)**

25. Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

26. On or about February 26, 2013, within the Southern District of California, defendants KAVEN COMPANY, INC. and KAM WING CHAN, aka "Kevin Chan" did knowingly import in interstate and foreign commerce fish and wildlife, that is, approximately 58 swim bladders of the *Totoaba macdonaldi*, which had been taken, possessed, transported, and sold contrary to the laws and regulations of Mexico, knowing that such fish and wildlife had been taken, possessed, transported, and sold contrary to the laws and regulations of Mexico. All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A), and Title 18, United States Code, Section 2.

//
//

# FORFEITURE ALLEGATION

27. Paragraphs 1 through 9 of the Introductory Allegations are incorporated herein as if set forth in full herein.

28. Upon conviction for the offense charged in Count 1 of this Superseding Indictment, defendants KAVEN COMPANY, INC., ("KAVEN"), and KAM WING CHAN, aka "Kevin Chan", ("CHAN"), shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $256,350 in U.S. currency, in violation of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

29. If any of the above-described forfeitable property, as a result of any act or omission of defendants KAVEN and CHAN:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of defendants up to the value of the forfeitable property alleged above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and (b).

30. Upon conviction for the offenses charged in Counts 3 and 4 of this Superseding Indictment, defendants KAVEN and CHAN shall forfeit to the United States approximately 37 lbs of dried abalone, pursuant to Title 16, United States Code, Section 3374(a)(1).

31. Upon conviction for the offenses charged in Counts 5 through 7 of this Superseding Indictment, defendants KAVEN and CHAN shall forfeit to the United States approximately 58 swim bladders of the *Totoaba macdonaldi*, pursuant to Title 16, United States Code, Section 3374(a)(1).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461, and Title 16, United States Code, Section 3374(a)(1).

Dated: April 24, 2015.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
MELANIE K. PIERSON
Assistant U.S. Attorney